UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ABDO, an individual; and SOUTHERN UTAH WILDERNESS ALLIANCE, a nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN D. REYES, in his official capacity as Attorney General of Utah et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-620 CW<br><br>Judge Clark Waddoups |

# INTRODUCTION

Michael Abdo and SUWA (collectively "SUWA" unless other stated) filed suit in State court seeking a declaration that the State and Tooele County's suit against the United States to quiet title in certain roads violates Utah Code § 78B-2-201 and Article 7, § 16 of the Utah Constitution. As relief for these alleged violations, SUWA seeks to enjoin "the Attorney General, Tooele County, and the Tooele County Commissioners from implementing, funding, or otherwise pursuing the R.S. 2477 Action on behalf of the State or any county using state appropriated funds." Complaint, at 13 (Dkt. No. 2, Ex. 2). The requested relief effectively seeks dismissal of the *Tooele County* road case, Case No. 2:12-cv-477, pending before this court (the "*Tooele County* case"), as well as more than twenty other R.S. 2477 road cases pending before this court.

1

The State Defendants[1] removed the State case to this court on August 26, 2014.  SUWA filed the present motion to remand on September 25, 2014.  The court heard oral argument on February 20, 2015 and issued a ruling from the bench.  This memorandum decision hereby amends and supersedes the court's oral ruling.

## BACKGROUND

On May 15, 2012, Tooele County and the State of Utah filed the *Tooele County* case against the United States to quiet title to certain roads crossing federal land.  In 1866, Congress passed a statute that granted a "right of way for the construction of highways over public lands, not reserved for public uses."  Act of July 26, 1866, ch. 262 § 8, 14 Stat. 251, 253, *codified* at 43 U.S.C. § 932 ("R.S. 2477").  That law remained in effect until 1976 when it was repealed by the Federal Land Policy and Management Act ("FLPMA").  Pub. L. No. 94-579 § 706(a), 90 Stat. 2793.  If a State or County acquired a right-of-way before R.S. 2477 was repealed, however, the property right remained vested.

Through the *Tooele County* case, Tooele County and the State seek to quiet title to rights-of-way for certain roads that allegedly vested before R.S. 2477's repeal.  They do so pursuant to the Quiet Title Act, under which the United States waives sovereign immunity and authorizes "a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest."  28 U.S.C. § 2409a(a).

The *Tooele County* case is but one of approximately twenty-six similar cases filed by the State and other counties seeking to quiet title.  The cases are complex and subject to a detailed case management plan, entered on March 13, 2013, so that State, federal, and judicial resources

---

[1]   The State Defendants include Sean D. Reyes, in his official capacity as Attorney General of Utah; Tooele County; J. Bruce Clegg, in his official capacity as Tooele County Commissioner; Jerry Hurst, in his official capacity as Tooele County Commissioner; and Shawn Milne, in his official capacity as Tooele County Commissioner.

are not overwhelmed. The plan entered by the court stayed all but the cases filed by Kane and Garfield Counties to ensure manageability. This means the *Tooele County* case undergirding SUWA's present action is currently stayed by order of this court. Notably, however, preservation depositions are being taken in the road cases during the stay because many of the witnesses who have historical information about the alleged rights-of-way are older and may be unable to testify by the time the cases reach trial. Absent preservation depositions, such evidence may be irretrievably lost.

On December 16, 2013, the court granted SUWA permissive intervention to intervene in the *Tooele County* case.[2] *See* Order, at 2 (Dkt. No. 54 in Case No. 2:12-cv-477). SUWA also has been granted permissive intervention to intervene in most of the other road cases. To ensure manageability of these cases, however, the court limited that permissive intervention so that "SUWA is prohibited from asserting new claims, cross-claims, counterclaims, or defenses in the Road Cases." *See* Order, at 3 (Dkt. No. 62 in Case No. 2:12-cv-477). This limitation is derived, in part, from the fact that SUWA holds no title to any of the property at issue in the quiet title actions. Only the United States' title is at stake, with SUWA simply having an interest in the outcome of the title issue.

Nevertheless, SUWA is not precluded from consulting with the United States regarding defenses and having the United States present defenses proposed by SUWA. Additionally, SUWA has been permitted to file briefing in support of arguments or defenses asserted by the United States. For example, in *Garfield County (1) and (2)* (Consolidated Cases 2:11-cv-1045 and 2:12-cv-478), SUWA was granted leave to file a memorandum in support of the United States' motion to dismiss. *See e.g.*, Order (Dkt. No. 151 in Case No. 2:11-cv-1045). In its

---

[2] Abdo was not part of the motion to intervene. Thus, the court granted permissive intervention only to SUWA and not Abdo.

memorandum, SUWA asserts the *Garfield County* cases are barred by the following statute of limitations:

> The state may not bring an action against any person for or with respect to any real property, its issues or profits, based upon the state's right or title to the real property, unless:
>    (1) the right or title to the property accrued within seven years before any action or other proceeding is commenced. . . .

Utah Code § 78B-2-201 (2014).  Because all R.S. 2477 cases necessarily arose before 1976, when the R.S. 2477 statute was repealed by FLPMA, SUWA asserts any action by the State or Counties to quiet title now is time barred.  It further asserts the Attorney General's actions violate the Utah Constitution.  SUWA's Mem. in Supp., at 23-24 (Dkt. No. 137, Ex. 2 in Case No. 2:11-cv-1045).

Despite being allowed to argue for these defenses in the *Garfield County* cases, on July 29, 2014, SUWA filed suit in State court seeking to enjoin the *Tooele County* case based on the very same statute and constitutional provisions.  In other words, SUWA has attempted to circumvent the court's Stay Order in the *Tooele County* case and the Permissive Intervention Order and filed what amounts to the same defenses in State Court.[3]  Specifically, SUWA filed suit against the State Defendants "seeking a judgment declaring Defendants' federal court quiet title action involving alleged R.S. 2477 rights-of-way in Tooele County illegal, unconstitutional, and an ultra vires action."  Complaint, at 2 (Dkt. No. 2, Ex. 2).  SUWA asserts the State Defendants are acting *ultra vires* because their actions are time barred.

SUWA further asserts that the Attorney General has violated Article 7, § 16 of the Utah Constitution.  That section states, "[t]he Attorney General shall be the legal adviser of the State officers, except as otherwise provided by this Constitution, and shall perform such other duties

---

[3]  Abdo was not a part of either the Stay Order or the Permissive Intervention Order.

*as provided by law*." Utah Const. art. 1, § 16 (emphasis added). According to SUWA, because the State has filed the road cases more than seven years after R.S. 2477 was repealed, the Attorney General is not performing his duties as provided by law. SUWA therefore asks the State court to issue "[a]n injunction prohibiting the Attorney General, Tooele County, and the Tooele County Commissioners from implementing, funding, or otherwise pursuing the R.S. 2477 Action on behalf of the State or any county using state appropriated funds." Complaint, at 13 (Dkt. No. 2, Ex. 2).

Because the intended effect of SUWA's case is to bar all R.S. 2477 road cases currently pending before this court, the State Defendants removed SUWA's case to this court. The State Defendants assert removal is proper based on complete preemption, or alternatively, based on the test articulated by the Supreme Court in *Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). SUWA then filed a motion to remand its case to State court, which is the present motion before the court.

## ANALYSIS

### I. SHORT AND PLAIN STATEMENT

SUWA contends the State Defendants' Notice of Removal is procedurally defective because it fails to state a short and plain statement that supports removal. In their Notice of Removal, the State Defendants contend that removal is appropriate based on complete preemption. The doctrine of complete preemption may form the basis for removal. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (citation omitted). The fact that Plaintiffs may disagree whether complete preemption exists goes to a substantive issue, not a procedural matter. Hence, the court concludes that the State Defendants' Notice of Removal is not procedurally defective.

## II. COMPLETE PREEMPTION

The *Tooele County* case seeks to quiet title against the United States based on 28 U.S.C. § 2409a. A related statute, 28 U.S.C. § 1346(f), affords federal courts exclusive jurisdiction over quiet title actions brought under § 2409a. Because no quiet title action may proceed against the United States in any other court or under any state statute, the State Defendants assert complete preemption exists and removal is appropriate.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). Thus, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citations omitted). At times, however, the force of a federal statute "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 393 (quotations and citation omitted). When a state claim has been completely preempted by a federal statute, removal may be appropriate.

The Tenth Circuit has set forth a two-prong test to determine if complete preemption exists. First, a court must "ask whether the federal regulation at issue preempts the state law relied on by the plaintiff." *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1205 (10th Cir. 2012) (quotations and citations omitted). Simple preemption is insufficient. Rather, Congress must have meant to completely "displace all state law on the given issue and comprehensively to regulate the area." *Id.* (quotations and citation omitted).

Second, a court must ask "whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action to enforce the federal regulation." *Id.*

(quotations, citation, and alterations omitted). In other words, Congress must have "substitute[d] a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Id.* (quotations and citation omitted). The Tenth Circuit has noted "that courts should begin their inquiry with the second prong." *Id.* at 1206 (citation omitted). Moreover, it has cautioned that "[c]omplete preemption is a rare doctrine." *Id.* at 1204 (quotations and citations omitted).

Looking at the second prong, when a state or county seeks to quiet title against the United States, it must do so through federal court. Congress has substituted a federal cause of action for a state cause of action. Indeed, pursuant to 28 U.S.C. § 1346(f), Congress has specified that federal courts have exclusive jurisdiction over quiet title actions against the United States. Were the court's analysis focused on the State Defendants' complaint against the United States, the second prong of the analysis would be met.

The case before the court, however, is SUWA's complaint against the State Defendants based on an alleged violation of a state statute and the Utah constitution. When the court asks whether Congress has afforded SUWA a federal cause of action for its claims, there does not need to be "mirror-like symmetry between the federal and state remedies." *Devon Energy Prod.*, 693 F.3d at 1207 (citation omitted). Nevertheless, "the federal remedy at issue must vindicate the same basic right or interest that would otherwise be vindicated under state law." *Id.* (citation omitted). SUWA's claim essentially rests on a statute of limitations. Arguably, Congress afforded SUWA a federal remedy based on the same issue, although the federal statute of limitation is different than the one specified in the state statute.

Even if the second prong were met, however, it does not appear that the first prong may be satisfied. The Quiet Title Act looks "at real property in which the United States claims an

interest." 28 U.S.C. § 2409a(a). While the Act waives the United States' sovereign immunity, it nevertheless runs to the benefit of the United States when it claims an interest in real property. Hence, if a state or county imposed a condition on itself that would limit its ability to proceed in an action against the United States, thereby quieting the United States' title in property to which it claims an interest, nothing in the Act appears to preclude such a condition.

For example, the Quiet Title Act sets forth a 12 year statute of limitations for counties to bring suit.[4] 28 U.S.C. §2409a(g). This is the outer limit by which a county may bring an action against the United States once the specified dispute of title arises. The limit runs to the benefit of the United States. Consequently, a county has no authority to lengthen the time beyond 12 years. Nothing in the Act indicates, however, that Congress intended to "displace all state law on the given issue and comprehensively to regulate the area," so as to preclude a county from imposing on itself a shorter limitations period.

Ultimately, the court believes it is a close question as to whether complete preemption exists in this case. Nevertheless, "[t]he court must strictly construe removal statutes" and "resolv[e] any doubts in favor of remand." *Baldwin v. Fresenius Med. Care*, No. 1:07-cv-46, 2007 U.S. Dist. LEXIS 46018, at *2 (D. Utah June 22, 2007) (citing *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The court therefore resolves the issue in favor of SUWA and concludes that complete preemption does not afford a basis for removal of this action due to the specific facts of this case.

---

[4] Although a twelve year statute of limitation applies against counties, the Quiet Title Act's statute of limitation operates differently against a state. *Cf* 28 U.S.C. § 2409a(g) *with* § 2409a(i). One reading is that there is no statute of limitation against a state, except under limited conditions expressed under § 2409a(i).

**III.**     ***GRABLE & SONS* AND *DEVON ENERGY PRODUCTION'S* ALTERNATIVE ANALYSIS**

Absent complete preemption, the Supreme Court has nevertheless recognized "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted). Such a notion, however, is not without limitation.

In *Grable & Sons*, the Supreme Court set forth the following test to determine if removal is proper when a state claim requires application of a federal law.

> [A] state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities.

*Devon Energy Prods.*, 693 F.3d at 1208 (citing *Grable & Sons*, 545 U.S. at 314). This test "ensures that the presence of a federal issue is not necessarily a password opening federal courts to any state action embracing a point of federal law." *Id.* (quotations, citations, and alterations omitted). It also ensures, however, that plaintiffs cannot defeat federal court jurisdiction by artfully "pleading only state-law claims when federal questions are essential elements of [their] claims." *Id.* at 1203 (quotations, citations, and alterations omitted).

SUWA bases its claims on Utah Code § 78B-2-201, which sets forth a 7 year statute of limitation by which the State must bring a claim for right or title to real property. The limitation does not stand on its own. Rather, it only comes into play when the State has taken some action to quiet title. Moreover, a court cannot determine whether a statute of limitations bars an action absent resort to that statute or law that is the basis for the action. If no action has been taken by the State or a county to quiet title, there would be no claim for violation of the statute of

9

limitations.

In this case, SUWA must resort to R.S. 2477 and FLPMA. R.S. 2477 provides the basis for the State and County's claim to title in the real property and FLPMA provides the parameters by when the State and County's title had to vest. Absent the State and County's attempt to claim title pursuant to these federal acts, there would be no case or controversy on which SUWA could base its claims. Because SUWA's claims necessarily resort to federal law and the federal issues are substantial, the first and third conditions are satisfied.

The second condition, however, cannot be met. Based on FLPMA, there is no dispute that if the State Defendants acquired title to the roads at issue, such acquisition had to occur before 1976. Section 78B-2-201(1) looks to when "title to the property accrued," as opposed to the more lenient "disputed title" provision under the Quiet Title Act. Because Section 78B-2-201 looks to when title accrued, and FLPMA specifies it had to accrue in or before 1976, there can be no actual dispute that more than seven years have passed since the State Defendants may have acquired title. Accordingly, the court concludes that removal may not be had based on *Grable & Sons* alternative test.

### IV.   APPLICABILITY OF THE ANTI-INJUNCTION ACT

Although SUWA's motion to remand appears appropriate, this does not resolve the issue before the court with respect to the *Tooele County* case and the other R.S. 2477 road cases currently pending before this court. As stated above, SUWA's complaint directly references the *Tooele County* case and seeks an injunction to bar the State Defendants from proceeding with the case. Because the court has jurisdiction over the *Tooele County* case, and SUWA's state court proceeding, if successful, would effectively divest this court of control over the *res*, which it acquired before SUWA instituted its action, the court *sua sponte* raises the question whether an

exception to the Anti-Injunction Act applies to bar SUWA's actions.

As recognized by the Supreme Court in *Grable & Sons*, there is a commonsense notion that a federal court should be able to resolve cases involving substantial federal law. The R.S. 2477 cases pending before this court are here based on exclusive jurisdiction. The cases arise under the federal R.S. 2477 law, are limited by FLPMA, and may be brought against the United States only as a result of the United States' waiver of sovereign immunity under Section 2409a of the United States code. In every sense, they involve substantial questions of federal law.

The cases are complex and subject to a detailed case management plan to ensure proper management of judicial resources. Yet, in what appears to be an attempted end-run around two court orders, SUWA filed suit in state court, along with Michael Abdo, to assert what is essentially a defense in the *Tooele County* case based on a statute of limitation.[5] SUWA effectively seeks to dismiss the *Tooele County* case pending in this court via an action in State court. Even more significant, were SUWA's suit successful, it would effectively bar *all* R.S. 2477 road cases pending in this court in which the State and Counties seek to resolve title issues against the United States.

Because the R.S. 2477 road cases are *in rem* proceedings, the court believes an exception to the Anti-Injunction Act precludes SUWA's actions. The Anti-Injunction Act states, "[a] court

---

[5] A fair reading of a related Utah statute shows that SUWA and Abdo's state-law claims may be subject to Section 78B-2-102. That section states, "[c]ivil actions may be commenced only within the periods prescribed in this chapter [meaning chapter 2], after the cause of action has accrued, *except in specific cases where a different limitation is prescribed by statute*." Utah Code § 78B-2-102 (emphasis added). In *Peak Alarm Co., Inc.*, the Utah Supreme Court stated a well-known statutory rule of construction that "specific statutes control over more general ones." *Peak Alarm Co., Inc. v. Salt Lake City Corp.*, 2013 UT 8, ¶ 19, 297 P.3d 592 (quotation, citation, and alteration omitted). Applying this rule, the Court then stated Section 78B-2-102 "clearly contemplates that the statutes of limitation in Title 78B may be displaced by other, more specific statutes." *Id.* ¶ 20. Thus, whether 28 U.S.C. § 2409a constitutes a more specific statute over section 78B-2-201 is another area where there is an interplay between state and federal law that must be determined in SUWA's case.

of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). When determining what constitute "necessary in aid of its jurisdiction," the Supreme Court stated the following:

> It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached.

*Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922). The Court further quoted, with approval, a Seventh Circuit case that stated the following:

> The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. . . . The rule is limited to actions which deal either actually or potentially with specific property or objects.

*Id.* at 231-32 (quoting *Baltimore & Ohio R.R. Co. v. Wabash R.R Co.*, 119 F. 678, 680 (7th Cir. 1902) (internal citations omitted). *Kline* not only remains the law today, the court believes it is the law that applies to the present issue before this court.

The R.S. 2477 road cases, including the *Tooele County* case, address specific property. They are *in rem* proceedings over which this court obtained exclusive jurisdiction before any state court action. Were the parties to the state court proceeding not enjoined, the intended "effect of the action would be to defeat . . . the jurisdiction of the federal court." This court has drawn to it "the possession or control, actual or potential, of the res," and it appears that "the exercise by the state court of jurisdiction over the same res [would] necessarily impair[], and

may defeat, the jurisdiction of the federal court already attached." Accordingly, as stated in the court's oral ruling, the court believes the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act applies here.

## V.     ALL WRITS ACT

Under 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Notably, "[t]he power to issue writs under the [All Writs Act] is not circumscribed by the identity of the parties immediately before the court; at the court's discretion, writs may be issued to third parties who are in a position to frustrate a court's administration of its jurisdiction." *Burr & Forman v. Blair*, 470 F.3d 1019, 1026-27 (11th Cir. 2006) (citing *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)).

Whether a writ actually should issue to enjoin SUWA's state court proceeding, however, has not been briefed by the parties. Because such a writ directly impacts a proceeding in state court, the court concludes it should reserve making the injunction effective until the parties have had an opportunity to brief the matter. The following briefing schedule shall apply:

| Brief | Due Date |
| --- | --- |
| SUWA's opening brief | February 27, 2015 |
| State Defendants' brief | March 13, 2015 |
| SUWA's reply brief | March 20, 2015 |

Because SUWA's state court proceeding implicates the *Tooele County* case, briefing on whether a writ should issue shall be filed in the *Tooele County* case. Once the court has had the opportunity to review the briefing, it will determine if further oral argument would be helpful. If SUWA elects not to brief the matter, the court will issue a writ based on the foregoing analysis.

## **CONCLUSION**

For the reasons stated above, the court GRANTS SUWA's motion to remand. (Dkt. No. 8). Because SUWA's action directly implicates the court's jurisdiction in the *Tooele County* case, Case No. 2:12-cv-477, the court directs the parties to brief whether a writ should issue to enjoin SUWA from proceeding with its state court action. Briefing shall follow the schedule outlined above and shall be filed in the *Tooele County* case.

DATED this 13th day of February, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Judge